UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DISVISION

| | |
|---|---|
| ROSESKINCO CANADA INC.<br><br>Plaintiff,<br><br>v.<br><br>ROSACARE, LLC,<br><br>Defendant. | CASE NO. 6:22-CV-03132-MDH |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendant. (Doc. 11). Plaintiff's complaint, original summons and all attachments were served on Defendant on June 5, 2022, and an affidavit of said service was filed with the Court. On July 12, 2022, the Clerk of the Court entered default against the defendant. (Doc. 10).

Plaintiff filed its motion for entry of default judgment on July 26, 2022. Plaintiff seeks (1) entry of a permanent injunction to enjoin Defendant from using the ROSACARE mark identified in the Complaint or any other mark confusingly similar to Plaintiff's ROSESKINCO Marks, as identified in the Complaint[1], (2) an order transferring ownership of the domains rosacare.co and rosacare.org ("RosaCare Domain Names") to Plaintiff, and (3) an order permitting Plaintiff to file a motion seeking attorneys' fees. Defendant has failed to respond to Plaintiff's motion for entry of default judgment and the time to do so has expired.

---

[1] Plaintiff is the owner of U.S. Registration No. 6423475 for the mark ![RoseSkinCo] and trademark application serial no. 97396045 for the word mark ROSESKINCO (RoseSkinCo Marks). See 9 and 11.

After a review of the record before the Court, the Court **GRANTS** Plaintiff RoseSkinCo Canada Inc's Motion for Default Judgment. It is further **ORDERED** that:

1. Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, are permanently enjoined from:

   a. advertising, marketing, promoting, offering for sale, distributing, or selling the RosaCare product[2];

   b. using the RosaCare mark on or in connection with any of Defendant's goods;

   c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is confusingly similar to the RoseSkinCo Marks;

   d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

   e. using the RosaCare Domain Names and/or any social media page, including the Facebook page @RosaCareHairRemoval, to advertise, market, distribute, offer for sale and sell any goods bearing the RosaCare mark;

   f. continuing any and all acts of unfair competition as alleged in the Complaint; and

2. Defendant shall cease offering for sale, marketing, promoting and selling and to recall all products, or any other goods, bearing the RosaCare mark or any other mark confusingly

---

[2] Defined in ¶15 of the Complaint.

similar to the RoseSkinCo Marks that are in Defendant's possession or have been shipped by Defendant or under its authority, to any customer;

3. Defendant shall cease use, relinquish ownership of, and transfer each of the RosaCare Domain Names, or any other domain name owned by Defendant that includes the RosaCare mark, to Plaintiff within ten (10) days from the date of this Order. To the extent the current Registrar of a RosaCare Domain Name does not facilitate the transfer of the RosaCare Domain Names to Plaintiff's control within five (5) days of receipt of this judgment, each Registrar shall, within thirty (30) days, change the Registrar of record for the subject RosaCare Domain Names to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the subject RosaCare Domain Names to Plaintiff. Upon Plaintiff's request, the top level domain (TLD) Registry for the each of the RosaCare Domain Names, or their administrators, including backend registry operators or administrators, within thirty (30) days of receipt of this Order, shall place each of the RosaCare Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which links the RosaCare Domain Name to the IP addresses where the associated websites are hosted.

It is further **ORDERED** that Plaintiff's counsel shall, within three (3) days from the date of this Order, deliver a copy of this Order to Defendant at the registered agent address and via email to info@rosacare.co, and to the domain name registrar of the RosaCare Domain Names.

It is further **ORDERED** that the Court retains jurisdiction over any matter pertaining to this judgment.

It is further **ORDERED** that Plaintiff RoseSkinCo Canada, Inc. may submit a motion for attorneys' fees within sixty days of entry of this judgment.

3
Case 6:22-cv-03132-MDH   Document 14   Filed 10/18/22   Page 3 of 4

**IT IS SO ORDERED.**

Date: October 17, 2022

                                             *s/ Douglas Harpool*
                                             DOUGLAS HARPOOL
                                             UNITED STATES DISTRICT COURT JUDGE